IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-00036-02-CR-W-BCW |
| ) | |
| JOSHUA NESBITT, ) | |
| ) | |
| Defendant. ) | |

ORDER

Pending before the Court is defendant Joshua Nesbitt's Motion to Protect Jail Communication (Doc. #281). Defendant Nesbitt requests an order requiring the United States Marshals Service or any pretrial detention facility in which the defendant is housed to seek leave of Court before sharing any of the defendant's jail communication (that is letters, email, telephone calls, or video recordings of communication or visitation) with the United States Attorney's Office, the Department of Justice Capital Case Section, the Federal Bureau of Investigation, the Kansas City Police Department, or any other prosecutorial or law enforcement agency or organization. The Court notes that defendant Nesbitt's motion deals with communications other than those communications with his legal team which are clearly privileged. Defendant Nesbitt's motion seeks protection of his communications with family and friends. Defendant Nesbitt claims that if prosecutors have access to these jail communications, the defendant's interactions with his loved ones will be inhibited, having an adverse impact on the defendant's state of mind and institutional adjustment. (Doc. #281 at 3.) Defendant Nesbitt further claims that jurors' perceptions of his relationships with family and friends, as well as their view of aggravating factors such as lack of

remorse of future dangerousness may be affected if his interactions with his loved ones are inhibited.  (*Id.*)  Defendant Nesbitt refers to Fifth, Sixth, and Eighth Amendment concerns.  (Memorandum in Support of Motion to Protect Jail Communication (Doc. #282) at 7, n. 5; Mr. Nesbitt's Reply to the Government's Opposition to His Motion to Protect Jail Communications (Doc. #300) at 1.)  The defendant, however, failed to provide any case law in which a court used the Fifth, Sixth, or Eighth Amendment to limit a prosecutor's access to a defendant's non-legal correspondence, calls, and visits.[1]

The Government provided case law which directly contradicts the defendant's Fifth, Sixth, and Eighth Amendment concerns.  (Government's Opposition to Joshua Nesbitt's Motion to Protect Jail Communications (Doc. #289) at 3.)  In *United States v. Saipov*, No. 17-CR-722 (VSB), slip op. at 2-3 (S.D.N.Y. June 11, 2019), and *United States v. Ciancia*, No. CR13-902 PSG, 2015 WL 13798678, at *2 (C.D. Cal. May 20, 2015), the courts rejected the capital defendants' arguments under the Fifth, Sixth, and Eighth Amendments that permitting the prosecution team to monitor the defendants' communications with family members placed the defendants' ability to develop and introduce mitigation evidence of their relationships with family in jeopardy.  As stated by the *Saipov* court:

> Granting the Prosecution Team access to Defendant's non-privileged communications with his family members in no way precludes those individuals from subsequently introducing mitigation evidence relating to their personal relationship with Defendant or their perception of his adjustment to prison life.

---

[1] In *United States v. Mitan*, No. 08-760-01, 2009 WL 3081727, at *4-5 (E.D. Pa. Sept. 25, 2009), a case cited by defendant Nesbitt, the court voiced concern about prosecutors having access to a defendant's phone calls, where the defendant was representing himself *pro se* and the government may have secured information relating to the defendant's defense strategy, discussions with potential witnesses, etc.  However, given that defendant Nesbitt is not proceeding *pro se*, the Court does not find the concerns set out in the *Mitan* case to be at issue here.

2

*Saipov*, No. 17-CR-722 (VSB), slip op. at 3.

In *United States v. Christensen*, No. 17-cr-20037-JES-JEH, 2019 WL 188113, at *1 (C.D. Ill. Jan. 14, 2019), another capital case, the defendant sought the suppression of all evidence the prosecutor obtained by listening to recordings of the defendant's phone calls while detained. The defendant asserted that while jails may record phone conversations of pretrial detainees for security purposes, the phone calls at issue were turned over to the prosecution for the purpose of bolstering the prosecution's case during the penalty phase of the trial, rather than for the purpose of jail security. *Id.* The defendant argued that the prosecutor's use of these recordings violated the Fourth and Fifth Amendments to the United States Constitution. *Id.* The court disagreed. In response to the Fourth Amendment challenge, the court rejected the claim that a defendant, who does not have a legitimate expectation of privacy in his jail calls being reviewed by jail officials, may nevertheless have an expectation of privacy when those jail calls are forwarded to prosecutors. *Christensen*, 2019 WL 188113, at *5. In response to the Fifth Amendment challenge, the court stated:

> [T]he monitoring and recording of jail phone calls is a common policy not only at the Macon County and Livingston County jails, but of detention facilities generally. "Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility." [*Bell v. Wolfish*, 441 U.S. 520, 537 (1979).] Thus, as a pretrial detainee, the officials at the Macon and Livingston County jails may "subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell*, 441 U.S. at 536-37. The Court finds that the recording of Christensen's phone calls did not amount to punishment and therefore denies Defendant's Fifth Amendment challenge.

*Christensen*, 2019 WL 188113, at *6.

The Court finds the analyses of the *Saipov*, *Ciancia*, and *Christensen* courts to be sound. Defendant Nesbitt has presented no compelling reason to depart from this precedent.

3

Based on the foregoing, it is

ORDERED that defendant Nesbitt's Motion to Protect Jail Communication (Doc. #281) is denied.

      */s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge